The cause stood continued to this term for the opinion of the Court, which was now delivered, as follows, by
*Sedgwick, J.
This is an action of assumpsit, brought on a special agreement, entered into between the parties on the 27th of July, 1804.
*329 On the 1st of July, 1800, the plaintiffs obtained an insurance oil the cargo of the ship Diana for twenty months, at a premium of one and a half per cent, per month; and the defendant subscribed as an insurer for 3000 dollars.
The Boston Marine Insurance Company, and the Massachusetts Fire and Marine Insurance Company, also insured on the same voyage.
During the course of her voyage such occurrences took place, that the plaintiff claimed a total loss against the several underwriters ; and actions were commenced against both the corporations on their respective policies.
The action against the Boston Marine Insurance Company was tried in November, 1805, and a verdict rendered in favor of the plaintiffs, as for a total loss. This action was reviewed, and, during the pendency of the review, was compromised by an adjustment, whereby the insurers relinquished to the assured all right of salvage, and paid a gross sum, which was received by the plaintiffs in full satisfaction.
In November, 1806, the action against the Massachusetts Fire and Marine Insurance Company came on for trial before the same judge who tried the action before mentioned. The defendants endeavored, without effect, to put off the trial, under a hope of obtaining more evidence. Under these circumstances the claim of the plaintiffs was not contested ; and they obtained a verdict for a total loss, on which judgment was rendered. After judgment the defendants gave bohd according to law to prosecute a review of that action. This took place before an adjustment was made with the Boston Marine Insurance Company. After that a compromise was effected between the plaintiffs and the Massachusetts Fire and Marine Insurance Company, on the same terms with that of the Boston company, and payment was made in conformity thereto, and the motives * and considerations are detailed in the case referred to the decision of the Court; but they are not, in my opinion, of much importance. — The question is, whether, under the circumstances, the plaintiffs are entitled to recover, upon the agreement, an amount equal to what they would recover for a total loss in an action upon the policy ?
In their behalf it is said, that the defendant is bound by his agreement to pay a total loss, because the judgment against the Massachusetts Fire and Marine Insurance Company, by which he was to be bound, was for a total loss; and this is right, provided that judgment be such a judgment, as, according to the true intent and meaning of the parties, was to be binding on the defendant; and provided also the payment made by the company was a payment of that judgment. — But if that judgment, according to the meaning *330 of the parties, was not a final judgment, or if the payment made by that company was not a payment made on that judgment, the plaintiffs cannot recover.
The parties agreed to be governed and bound by the final determination of the action against the Massachusetts Fire and Marine Insurance Company. If the final judgment should be rendered against the plaintiffs, they were to prosecute no action against the defendant; and the defendant, and the other underwriters, who subscribed the agreement, if final judgment was rendered against the company, were to pay, in proportion to their respective subscriptions, as the company by such judgment should pay for damages. The agreement then proceeds to define what the parties meant by final judgment. If the action should be reviewed by either party, after one or more trials, a judgment on the last review was to be considered the final judgment; but if judgment should be given against the company, and the money should be paid, before or without any review, the subscribers to the agreement were to pay, in proportion and manner agreed upon, without waiting on account of the possibility or chance that such review might take place. And they conclude the agreement by providing that if after payment, * there should be a review, the final adjustment shall conform to the judgment upon that review.
The subscribers then were to pay in the same proportion, as damages should be assessed in a final judgment against the company, and at the time when the company should pay. — Was the payment made by the company a payment, in the sense of the agreement, of a final judgment ? The obligation assumed by the underwriters, who subscribed the agreement, was to pay when the company should make a payment on a particular event, and for a specified cause. What payment was this to be ?
A payment upon a final judgment. But in this case no payment was made on any judgment. A settlement was first made with the Boston company, and then a settlement with the Massachusetts company upon the same principles; according to which principles an adjustment was made, to ascertain the amount to be paid, which was paid upon that adjustment, and not upon any judgment. The event then never occurred, upon the happening of which the defendant undertook to pay. The plaintiffs cannot then recover upon the terms of the contract, nor can they, in my apprehension, claim upon any reasonable construction of the nature of the transaction.
In this case the claim of the plaintiffs was of a very large amount, distributed among a considerable number of individuals, besides two incorporated companies. Actions against the companies were commenced; and to prevent a multiplicity of suits, an agreement, *331 in the nature of a consolidation rule, was entered into, by which the plaintiffs and the underwriters agreed, in substance, that upon a final judgment in one of the actions, — that against the Massachusetts Fire and Marine Insurance Company, — the underwriters would pay, as the rights of the plaintiffs should be ascertained by that judgment ; — and contemplating the case of a review, they particularly state, that if there should be on e, final judgment, which they meant, was the judgment that should be rendered upon it; that is, it must, to be binding, be such a judgment as that company should * submit to, and be willing to pay, without further litigation ; or such a judgment as should be compulsory upon them.
The defendant did not agree, however reasonable it might have been that he should so have agreed, that if a review should be brought, and thereupon a compromise should be made, an adjustment in pursuance of that compromise should form a rule, by which the other underwriters would pay. The case, then, which has happened, is casus omissus, and not a subject of the contract made by the parties. Without express words to that effect, it can hardly be supposed that parties would agree to be bound, as it is said these underwriters were. It is contended they are bound by the judgment; and yet it is admitted that the verdict, on which the judgment was rendered, was submitted to without any trial in fact, and so submitted to with an intention that the judgment should not be final, but merely the foundation of a review; a judgment which could not be enforced by execution, which was prevented by entering into the bond to review ; a judgment which was not to be the foundation of an action of debt; but where the remedy of the other party must be a future judgment in the action of review, or on the bond, or on both, as the case might be. Such a judgment could not be the final judgment contemplated by the parties, as the foundation of an obligation on the part of the underwriters.
The case under consideration seems to me to compare, as to the resulting obligation of the parties, to that of a consolidation rule There the parties undertake to be bound by a verdict in a certain action, and yet, although the agreement is absolute to that effect, a verdict, to be binding, must be satisfactory to the court. (2) This is from the reason of the thing, So when the defendant and others in this case agreed to be bound by a final judgment, it must be understood that such a judgment was intended, as proceeded from a real trial, in which the claims of the plaintiffs were *332 contested, and not a judgment which was submitted to for the very purpose of being overthrown in an action of review.

Plaintiffs nonsuit.

 1 W. Black. Rep. 463, Hodgson vs. Richardson. — 3 Burr. 1477, S. C.